Magistrate Judge David W. Christel

FILED _____ LODGED
_____ RECEIVED

**MAY 1 1 2023**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARMAND RUSSELL CALHOUN,

Defendant.

CASE NO. MJ23-5184 DWC

COMPLAINT

BEFORE the Honorable David W. Christel, United States Magistrate Judge, Tacoma, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

**(Possession of Controlled Substances with Intent to Distribute)**

On or about May 10, 2023, in Pierce County, within the Western District of Washington, ARMAND RUSSELL CALHOUN did knowingly and intentionally possess, with the intent to distribute, and aid and abet the possession of, with the intent to distribute, a controlled substances, including: methamphetamine and N-phenyl-N-[1-(2 phenylethyl)- 4-piperidinyl] propenamide (hereafter, "fentanyl"), substances controlled under Title 21, United States Code.

Complaint - 1
*United States v. Calhoun / MJ23-5184 DWC*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The Affiant further alleges that this offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 5 grams or more of actual methamphetamine.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWO

**(Carrying a Firearm During and in Relation to a Drug Trafficking Crime)**

On or about May 10, 2023, in Pierce County, within the Western District of Washington, ARMAND RUSSELL CALHOUN knowingly carried a firearm, that is: a Glock 19 9mm pistol, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States: *Possession of Controlled Substances with Intent to Distribute*, as alleged in Count 1 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

And the complainant states that this Complaint is based on the following information:

I, SHAWNA MCCANN, being first duly sworn on oath, depose and say:

## INTRODUCTION

1.      I make this affidavit in support of this Complaint for the person of ARMAND RUSSELL CALHOUN for the following crimes:

a.      Possession of Controlled Substances with the Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and (C), and Title 18, United States Code, Section 2; and

b.      Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2.      The facts contained in this affidavit come from both from my personal observations and knowledge, and from information obtained from other law enforcement officers participating in this investigation. This affidavit is intended to set forth the facts

Complaint - 2
*United States v. Calhoun / MJ23-5184 DWC*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

relevant to the determination of probable cause for the requested complaint and does not set forth all my knowledge about this matter.

## AGENT BACKGROUND AND EXPERIENCE

3.     I am employed as a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed with the FBI since September 2017. I am currently assigned to the Seattle Field Division where I am a member of the violent crime, gang, and Transnational Organized Crime – Western Hemisphere squad. In this capacity, I investigate, inter alia, violations of the Controlled Substances Act, Title 21, United States Code, Section 801 et seq., and related offenses. I have received specialized training in the enforcement and investigation of the Controlled Substances Act. I have received over 400 hours of classroom training including, but not limited to, drug identification, drug interdiction, money laundering techniques and schemes, smuggling, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, manufacturing, and trafficking of controlled substances.

4.     In my role as a Special Agent for the FBI, I have participated in narcotics investigations (e.g., heroin, cocaine, fentanyl, and methamphetamine) that have resulted in the arrest of individuals and the seizure of illicit narcotics and/or narcotics-related evidence and the forfeiture of narcotics-related assets. I have been involved in the service of federal and state search warrants as part of these investigations. I have encountered and have become familiar with various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to import, export, conceal, and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their unlawful operations, and how they code their conversations to disguise their unlawful activities. I am also familiar with the various methods of packaging, delivering, transferring, and laundering drug proceeds. Additionally, through my training and experience, I can identify illegal drugs by sight, odor, and texture.

Complaint - 3
*United States v. Calhoun / MJ23-5184 DWC*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

5.    I have also worked on drug investigations involving the use of court-authorized wiretaps under Title III. In that capacity, I have had the opportunity to monitor, listen to, and review transcripts and line sheets (prepared by linguists) documenting the content of hundreds of intercepted conversations involving the trafficking of cocaine, methamphetamine, heroin, and other narcotics, by persons who used some form of code to attempt to thwart law enforcement detection. I have also interviewed defendants at the time of their arrest and have debriefed, spoken with, and/or interviewed numerous drug dealers or confidential sources (informants) at proffer and field interviews who were experienced in speaking in coded conversation over the telephone. From these interviews, and also from discussions with other experienced agents, I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of firearms to protect their narcotics-related activities and of cellular telephones and other electronic means to facilitate communications while avoiding law enforcement scrutiny.

6.    I have written affidavits in support of court-authorized federal warrants and orders in the Western District of Washington for GPS tracking of telephones, Pen Register/Trap and Trace, search warrants, and Title III wiretap orders. Additionally, I have testified in grand jury proceedings, written investigative reports, and conducted and participated in numerous interviews of drug traffickers of various roles within drug organizations, which has provided me with a greater understanding of the methods by which drug trafficking organizations operate.

7.    I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations of, and to make arrests for, violations of the Controlled Substances Act, Title 21, United States Code, Section 801 et seq., and related offenses.

//

//

//

Complaint - 4
*United States v. Calhoun / MJ23-5184 DWC*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## SUMMARY OF PROBABLE CAUSE

8.      On May 10, 2023, agents with FBI Seattle were conducting a drug trafficking investigation into ARMAND RUSSELL CALHOUN, believed to be a local fentanyl-laced pill redistributor, and through this investigation identified his current residence as Room #242 at the Quality Inn, 5805 Pacific Highway E, Fife, Washington (hereinafter, the "Subject Premises") where agents believed he stored drugs, firearms, drug proceeds, and other evidence of his drug trafficking activities. Based on the information developed in this investigation, agents obtained a search warrant for the Subject Premises issued by the Honorable Michelle L. Peterson, United States Magistrate Judge for the Western District of Washington, issued on May 10, 2023, at approximately 5:29 p.m.

9.      Later, on May 10, 2023, at approximately 6:56 p.m., agents with FBI Seattle, assisted by Seattle Police Department SWAT team, executed the search warrant on the Subject Premises by knocking and announcing the search warrant and instructing the occupants of the Subject Premises to exit the room over a speakerphone. After five minutes had elapsed, a male identified as ARMAND RUSSELL CALHOUN and a female, later identified as his girlfriend, exited the Subject Premises. ARMAND RUSSELL CALHOUN was taken into custody based on an outstanding local arrest warrant and was held in handcuffs during the search of the Subject Premises.

10.      A search of the Subject Premises located a black bag in the sink area outside the bathroom. Inside the black bag, agents located approximately one pound of suspected methamphetamine (field-test positive), a Glock 19 9mm pistol with a loaded magazine, and documents in the name of ARMAND RUSSELL CALHOUN. In a separate bag found in the same area, agents located around 100 to 200 suspected fentanyl-laced pills. Based on my training and experience and the physical features of the pills found, I believe that the pills contain fentanyl. Due to safety concerns, the pills were not field-tested. In addition, based on my training and experience, I know that drug

Complaint - 5
*United States v. Calhoun / MJ23-5184 DWC*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

dealers often carry firearms during the course of their drug dealing to protect themselves, their drug supply, and their drug proceeds from rival drug dealers or others who are looking to rob them.

11.    Also in the Subject Premises, agents located approximately $1,800 in U.S. currency in a safe and on ARMAND RUSSELL CALHOUN's person, three phones (one of which is believed to belong to the girlfriend), a scale, ammunition (including 9mm caliber), and drug paraphernalia. In the bathroom, agents observed a large amount of water surrounding the toilet, a plunger lying next to the toilet, and white powder residue on the ground around the toilet. Based on my training and experience, I believe that during the five or more minutes law enforcement was knocking and announcing for ARMAND RUSSELL CALHOUN to exit the Subject Premises, he destroyed additional drug evidence by flushing drugs down the toilet before he exited the Subject Premises.

12.    I spoke with the front desk manager of the hotel who provided me with the reservation information for the Subject Premises, which was rented in the name of "ARMAND CALHOUN" and indicated two adult occupants.

13.    After being taken into custody, ARMAND RUSSELL CALHOUN was read his *Miranda* rights by agents using the FBI Advice of Rights form. ARMAND RUSSELL CALHOUN stated that he understood his rights and proceeded to answer agent's questions without invoking his rights. During the interview, ARMAND RUSSELL CALHOUN stated there were no firearms present in the Subject Premises, that he was only a small-time drug dealer who sold drugs in order to make a living, and that there was only marijuana and a small amount of drugs in the Subject Premises, making references to less than one ounce of methamphetamine and a few fentanyl-laced pills. ARMAND RUSSELL CALHOUN stated that he used marijuana and two or three fentanyl-laced pills per day. Agents did not believe ARMAND RUSSELL CALHOUN

Complaint - 6
*United States v. Calhoun / MJ23-5184 DWC*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

was providing truthful information based on the evidence located in the Subject Premises, discussed above.[1]

14. Based on my training and experience, I believe the quantity of suspected methamphetamine and suspected fentanyl-laced pills found in the Subject Premises is distribution amounts, and not solely personal use, and that the scale, drug paraphernalia, and U.S. currency also found in the Subject Premises further evidence ARMAND RUSSELL CALHOUN being a redistributor of drugs, including methamphetamine and fentanyl-laced pills.

## CONCLUSION

15. Based on the above facts, I respectfully submit that there is probable cause to believe that ARMAND RUSSELL CALHOUN did (1) knowingly and intentionally possess, with the intent to distribute, and aid and abet the possession of, with the intent to distribute, controlled substances, including: methamphetamine and fentanyl, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C), and Title 18 United States Code, Section 2, and (2) knowingly carried a Glock 19 9mm pistol, during and in relation to a drug trafficking crime for which he may

//

//

//

---

[1] During the interview, ARMAND RUSSELL CALHOUN stated his handcuffs were getting uncomfortable and agents requested Seattle Police Department officers on scene to loosen the handcuffs. While attempting to loosen the handcuffs, the handcuff lock was found to be jammed and could not be immediately loosened. ARMAND RUSSELL CALHOUN expressed pain while the handcuff lock issue was being resolved by Seattle Police Department. In light of the handcuff issue and pain expressed by ARMAND RUSSELL CALHOUN, agents decided to terminate the interview and allow ARMAND RUSSELL CALHOUN to be assessed by Seattle Police Department personnel on scene.

Complaint - 7
*United States v. Calhoun / MJ23-5184 DWC*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

be prosecuted in a court of the United States: Possession of Controlled Substances with Intent to Distribute, as alleged in Count 1 above, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

DATED this 11th day of May, 2023.

Shawna McCann, Complainant
Special Agent, FBI

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 11th day of May, 2023.

The Hon. David W. Christel
United States Magistrate Judge

Complaint - 8
*United States v. Calhoun / MJ23-5184 DWC*

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800